IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

DEBORAH BLANKENSHIP,

          Plaintiff,

v.                                      CIVIL ACTION NO. 2:11-cv-00169

MARGARET LYNN MCDANIEL,

          Defendant.

**MEMORANDUM OPINION AND ORDER**

Pending before the court is the Motion by Margaret Lynn McDaniel for Summary Judgment [Docket 24]. For the reasons discussed below, this motion is **GRANTED**.

**I.    Background**

On March 31, 2009, the plaintiff, Deborah Blankenship, rear-ended Margaret McDaniel's vehicle. Both parties were travelling north on Route 119. Ms. McDaniel's vehicle was in the far right lane and Ms. Blankenship's vehicle was traveling behind Ms. McDaniel's. Ms. McDaniel stopped her car at an intersection where the traffic light was out. After Ms. McDaniel's vehicle had stopped, Ms. Blankenship's car struck Ms. McDaniel's vehicle from behind.

Ms. Blankenship brought the instant action on February 8, 2011, in the Circuit Court of Logan County, West Virginia. Thereafter, the defendant removed the case to this court. The complaint alleges that Ms. McDaniel: (1) negligently managed and operated her vehicle; (2) negligently failed to keep a sufficient lookout for other vehicles on the highway; and (3) negligently and suddenly stopped on a through highway in a manner that endangered drivers and

1

passengers of following vehicles. The plaintiff further alleges that the defendant's actions caused the collision and Ms. Blankenship's injuries, and she demands judgment against Ms. McDaniel for $150,000. On January 4, 2012, the defendant filed a motion for summary judgment, which is now ripe for review.

## II.     Summary Judgment Standard of Review

To obtain summary judgment, the moving party must show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a). In considering a motion for summary judgment, the court will not "weigh the evidence and determine the truth of the matter." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). Instead, the court will draw any permissible inference from the underlying facts in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587-88 (1986).

Although the court will view all underlying facts and inferences in the light most favorable to the nonmoving party, the nonmoving party nonetheless must offer some "concrete evidence from which a reasonable juror could return a verdict in his [or her] favor." *Anderson*, 477 U.S. at 256. Summary judgment is appropriate when the nonmoving party has the burden of proof on an essential element of his or her case and does not make, after adequate time for discovery, a showing sufficient to establish that element. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). The nonmoving party must satisfy this burden of proof by offering more than a mere "scintilla of evidence" in support of his or her position. *Anderson*, 477 U.S. at 252. Likewise, conclusory allegations or unsupported speculation, without more, are insufficient to preclude the granting of a summary judgment motion. *See Felty v. Graves-Humphreys Co.*, 818 F.2d 1126, 1128 (4th Cir. 1987); *Ross v. Comm'ns Satellite Corp.*, 759 F.2d 355, 365 (4th Cir.

1985), *abrogated on other grounds*, 490 U.S. 228 (1989).

### III. Discussion

Negligence "is the violation of the duty of taking care under the given circumstances. It is not absolute, but is always relative to some circumstance of time, place, manner, or person." *Setser v. Browning*, 214 W. Va. 504, 508 (2003) (quoting *Dicken v. Liverpool Salt & Coal Co.*, 41 W. Va. 511 syl. pt. 1 (1895)). To establish a prima facie case of negligence, the plaintiff must show that the defendant was guilty of an act or omission that violated a duty owed to the plaintiff. *Id.* at 508. The West Virginia Supreme Court of Appeals ("WVSCA") has held that "a party is not barred from recovering damages in a tort action so long as his negligence or fault does not equal or exceed the combined negligence or fault of the other parties involved in the accident." *Bradley v. Appalachian Power Co.*, 163 W. Va. 332, 342 (1979). Accordingly, in order to recover the plaintiff must show that her fault did not equal or exceed the defendant's alleged negligence. In addition, violation of a provision of the motor vehicle statutes is prima facie evidence of negligence. *Price v. Halstead*, 177 W. Va. 592, 593 syl. pt. 11 (1987).

In West Virginia, it is negligent for one to drive a vehicle at a rate of speed that it cannot be stopped "to avoid an obstruction discernible within the driver's range of vision." *Wager v. Sine*, 157 W. Va. 391, 401 (1973). Moreover, the West Virginia Code provides that, "The driver of a motor vehicle shall not follow another vehicle more closely than is reasonable and prudent having due regard for the speed of such vehicles and the traffic upon and the condition of the highway." W. VA. CODE § 17C-7-10. However, the WVSCA has held that "a person is not bound to maintain a continuous lookout. It is sufficient if he exercises the same degree of care which a man of ordinary prudence would exercise under like circumstances." *Donta v. Harper*, 168 W. Va. 237, 242 (1981).

The inoperative traffic light where the accident occurred is located at a 3-way T intersection. The road that intersects with Route 119—Airport Road—is on the left for drivers going northbound. In her deposition, Ms. Blankenship testified that she was aware that the traffic light was out because there had been announcements on the radio. Ms. Blankenship further stated that she took the following actions as she approached the intersection:

> I looked left and made sure that everything was clear. And then I turned around and looked straight ahead again. At that point, I was very close to the light, and she [Ms. McDaniel] was right up underneath the light. That's when I saw her. And I tried to stop and could not stop.

(Def.'s Mot. Summ. J., Ex. 1 [Docket 24-1], at 3.) At another point in the deposition, Ms. Blankenship reiterated: "As soon as I looked and saw that it was clear and no one was coming out of that area, I began accelerating a little bit. Then I saw Ms. McDaniel – and then I tried to stop and could not." (*Id.* at 5.) Ms. Blankenship was asked what speed she was traveling at when she began accelerating, to which she responded: "I probably slowed down to about fifty-five. So in a second or so, I would say I was back up to sixty, sixty-two, somewhere in there." (*Id.*) Ms. Blankenship admitted that she did not attempt to move her vehicle into the left lane upon seeing Ms. McDaniel's vehicle stopped in front of her. She explained: "I didn't attempt to get in the left lane because, from the time I saw her, there was just no time to do anything. There was no time." (*Id.* at 9.)

Ms. Blankenship testified that she did not know how many car lengths she was behind Ms. McDaniel's car when she saw it. Ms. Blankenship was also asked the following question: "Prior to hitting Ms. McDaniel's car, did you see any brake lights on her vehicle?" (*Id.* at 6.) She responded: "No. I was looking left. I didn't see anything until I saw she wasn't moving." (*Id.*) Accordingly, Ms. Blankenship could not testify as to Ms. McDaniel's actions prior to stopping the vehicle. Ms. Blankenship has also not provided the testimony of anyone else who

4

witnessed the collision.

Ms. Blankenship submits as an exhibit the State of West Virginia Uniform Traffic Crash Report, prepared by an investigating officer from the Logan County Sheriff's Office. That report states in part: "Driver 1 came to a complete and abrupt stop in the right lane of the highway at the intersection of US 119 and Airport Road near Chapmanville. Vehicle 2 attempted to stop but slid into the back of vehicle 1." (Pl.'s Resp. to Def.'s Mot. Summ. J., Ex. 3 [Docket 28-3], at 3.)

Ms. McDaniel testified that she was not aware of the inoperative light before traveling on Route 119 that day. (Pl.'s Resp. to Def.'s Mot. Summ. J., Ex. 2 [Docket 28-2], at 4.) However, there were road signs alerting drivers to the outage, which Ms. McDaniel saw prior to approaching the intersection. She testified that she had been driving at approximately 55 miles per hour, but as she approached the intersection she slowly decreased her speed. Moreover, Ms. McDaniel explained: "I was very nervous about going through the intersection and I was - - I slowed down quite a bit and I was assessing the car sitting on Airport Road and decided to stop when I saw that car sitting really close at the light." (*Id.* at 4-5.) When asked if she checked to see if anyone was behind her, Ms. McDaniel said: "I did. I looked in my review [sic] mirror. I noticed a car several car lengths behind me. There was no traffic in the left lane and there was a car sitting on Airport Road waiting to come into the intersection." (*Id.* at 5.) Ms. McDaniel explained that she decided to stop because she "was unsure of what the car on Airport Road would do." (*Id.*) In addition, Ms. McDaniel said she thought the car behind her was at a safe distance away from her car. (*Id.* at 6.) Once she stopped at the intersection, she "assessed that car to make sure it was safe to go through." (*Id.*) Then Ms. McDaniel heard screeching noises and Ms. Blankenship's vehicle hit hers.

In support of her motion for summary judgment, Ms. McDaniel submitted a Traffic Crash

Reconstruction Report by Harris Enterprises LLC. The report concludes that Ms. Blankenship was primarily responsible for the crash, "as she was not paying attention to the traffic in front of her." (Def.'s Mot. Summ. J., Ex. 2 [Docket 24-2], at 9.) The report further states that Ms. Blankenship should have reduced her speed consistent with her concern that drivers might veer out into the road.

Viewing the underlying facts and inferences in the light most favorable to Ms. Blankenship, the court **FINDS** that Ms. Blankenship has failed to provide more than a scintilla of evidence in support of her position. To recover, Ms. Blankenship must prove not only that Ms. McDaniel was negligent, but also that Ms. McDaniel's alleged negligence exceeded Ms. Blankenship's negligence. *Bradley v. Appalachian Power Co.*, 163 W. Va. 332, 342 (1979). Ms. Blankenship has produced no evidence of Ms. McDaniel's driving as she approached the intersection. Specifically, Ms. Blankenship has offered no testimony to challenge Ms. McDaniel's assertion that she gradually decreased her speed as she approached the intersection, and that Ms. Blankenship's vehicle was several car lengths behind her vehicle as she stopped. The Traffic Crash Report's narrative, which states that Ms. McDaniel came to a "complete and abrupt" stop, is a conclusory assertion. There is no indication that the investigating officer witnessed the accident. The plaintiff has not submitted an affidavit or declaration of the officer, and he was not deposed for this case. Additionally, the narrative is not corroborated by any witness's testimony. Accordingly, it does not rise above a mere scintilla of evidence in support of Ms. Blankenship's claim.

Ms. Blankenship only testified that by the time she saw Ms. McDaniel's vehicle, it was stopped at the intersection. Importantly, Ms. Blankenship does not provide any legal support for her claim that it was unreasonable for Ms. McDaniel to stop her vehicle at the intersection where

the traffic light did not function.[1] Neither party has cited a provision of the West Virginia Code or a West Virginia case addressing this situation, and the court's independent research has found none.

Ms. Blankenship's testimony regarding her own actions supports the court's conclusion. She admits that she was looking to her left, rather than in front of her, as she approached the intersection. Ms. Blankenship further testified that by the time she saw Ms. McDaniel's vehicle, she was unable to stop. Moreover, she estimates that she was travelling at around sixty miles per hour after she began to accelerate, and before she hit Ms. McDaniel's vehicle. In sum, the undisputed facts in this case lead to the inescapable conclusion that no reasonable jury could conclude that Ms. McDaniel was more negligent than Ms. Blankenship, and accordingly should be held liable. Therefore, the court **GRANTS** the defendant's motion for summary judgment.

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: May 24, 2012

Joseph R. Goodwin, Chief Judge

---

[1] The plaintiff contends that Ms. McDaniel violated West Virginia Code § 17C-13-3, which states: "No person shall stop, stand or park a vehicle, except when necessary to avoid conflict with other traffic or in compliance with law or the directions of a police officer or traffic-control device, in any of the following places: (17) On a controlled-access highway." As the defendant points out, the plaintiff does not demonstrate that Route 119 is a controlled-access highway, which is defined as: "every highway, street, or roadway in respect to which owners or occupants of abutting lands and other persons have no legal right of access to or from the same except at such points only and in such manner as may be determined by the public authority having jurisdiction over such highway, street, or roadway." W. VA. CODE § 17C-1-41. Moreover, it is unlikely that this section would apply when the driver stops at an inoperative traffic light.

7